IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HENRY WESTON,

                                        Plaintiff,                          OPINION & ORDER

    v.

                                                                   14-cv-306-jdp

WARDEN WILLIAM POLLARD,
DR. MANLOVE, MS. BELINDA
SCHRUBBE, and D. LARSON, RN,

                                        Defendant.

---

       Pro se plaintiff Henry Weston, a Wisconsin Department of Corrections prisoner, has submitted a proposed civil action under 42 U.S.C. § 1983. Plaintiff alleges that the warden and certain medical staff acted with deliberate indifference to his medical needs in violation of the Eighth Amendment. Plaintiff has paid an initial partial payment of the filing fee as previously directed by the court. Accordingly, the next step in this case is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 & 1915A.

       In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing the complaint with this principle in mind, I conclude that plaintiff's complaint must be dismissed for failure to satisfy the pleading standards of Federal Rule of Civil Procedure 8, because plaintiff has not provided sufficient facts and identified the actions taken by each defendant. I will give plaintiff one opportunity to correct the problems in his complaint.

ALLEGATIONS OF FACT

In his complaint, plaintiff alleges the following facts:

Plaintiff sought medical care for chronic severe pain in his lower back and legs, but he was denied treatment because he was unable to pay the co-payment. The co-payment issue is noted in a prison report, concluding: "No exclusion to this co-pay is cited or determined. Recommendation is made for dismissal." Dkt. 1-1. Plaintiff further alleges that he is forced to walk "all around" the prison despite his condition, which is causing life-threatening harm.

Plaintiff alleges very few facts about defendants. For each defendant, plaintiff makes nearly identical allegations: William Polland (warden), Dr. Manlove, Belinda Schrubbe (manager of the health service unit), and D. Larson, RN, all (1) had full knowledge of plaintiff's condition and lack of medical care because of his inability to pay and (2) did not help plaintiff. Plaintiff further alleges that Polland was informed by an "Interview/Information-Request" document of plaintiff's condition and lack of medical care. Schrubbe is the only defendant who is included on a prison report. Dkt. 1-1.

ANALYSIS

Plaintiff contends that his Eighth Amendment rights were violated after defendants became aware of his serious medical needs and made no effort to address them or otherwise alleviate his pain. The Eighth Amendment affords prisoners a constitutional right to medical care. *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Accordingly, courts hold that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment. *Id.* at 590. Plaintiff must allege facts from which a jury may reasonably infer (1) that he had a serious medical need and (2) that prison officials were deliberately indifferent to that need. *See Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir.

2

1997); *see also Board v. Farnham*, 394 F.3d 469, 479 (7th Cir. 2005).

I will not consider the merits of his complaint at this time because his pleading does not satisfy Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8, plaintiff must present "a short and plain statement of the claim showing that [he] is entitled to relief." The purpose of the requirement is "to provide the defendant with 'fair notice' of the claim and its basis." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Plaintiff barely alleges enough facts to show that he had a serious medical need, and he does not allege enough facts to show that defendants were deliberately indifferent to that need. There is simply not enough detail in the complaint. For this reason, plaintiff's complaint will be dismissed, but I will give him the opportunity to file an amended complaint.

A. **Serious medical need**

A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584-85 (7th Cir. 2006). A medical need may be serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, or otherwise subjects the prisoner to a substantial risk of serious harm. *Gutierrez*, 111 F.3d at 1371-73; *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Delay in treating painful medical conditions, even if they are not life-threatening, can support a claim under the Eighth Amendment. *Gutierrez*, 111 F.3d at 1371.

Taking plaintiff's allegations as true, his "injuries/condition" and accompanying pain have been wholly ignored despite his request for medical care. He does not describe his condition or pain in any detail. However, chronic severe pain is a serious medical need. *Smith v. Knox County Jail*, 666 F.3d 1037, 1039-40 (7th Cir. 2012) ("[D]eliberate indifference to

3

prolonged, unnecessary pain can itself be the basis for an Eighth Amendment claim."); *Gutierrez*, 111 F.3d at 1373. Plaintiff also alleges that walking around the prison without treatment is worsening his condition. These allegations are sufficient, at least at the screening stage, to show that plaintiff had a condition serious enough to warrant attention.

### B.    Deliberate indifference

Plaintiff must also allege facts showing that defendants acted with "deliberate indifference" toward his medical needs. Plaintiff does not allege enough facts here. A prison official can be found deliberately indifferent if "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff's complaint essentially repeats this *law* (instead of providing *facts*), saying that each defendant knew about plaintiff's condition and lack of medical care. To demonstrate liability on a claim under 42 U.S.C. § 1983, plaintiff must allege sufficient facts to show that each defendant personally caused or participated in the alleged constitutional deprivation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Plaintiff's complaint does not meet this standard.

Although it is not necessary for a plaintiff to plead specific facts, he must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to establish a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

I will give plaintiff a deadline to submit an amended complaint in which he describes how each named defendant violated his rights. It may also be helpful if plaintiff describes and

4

explains more fully his serious medical need, although I do not require this. If plaintiff chooses to amend, the amended complaint should completely replace the original complaint, so plaintiff should include the allegations from the original complaint he thinks are important, along with his new allegations providing further explanation of his claim. He should draft his complaint as if he were telling a story to people who know nothing about his situation. This means that someone reading the complaint should be able to understand what each defendant did or failed to do that harmed plaintiff. Someone reading the complaint should be able to answer the following questions:

- What were the interactions between plaintiff and each defendant? For example, what did plaintiff and each defendant say or do to each other (or what did they fail to say or do)?

- How did each defendant find out about plaintiff's medical needs?

- What did the "Interview/Information-Request" paper (received by Polland) say?

- Who told plaintiff that he was denied treatment because he was unable to pay the co-payment?

- What are other facts that form the basis for plaintiff's claim against each defendant?

Plaintiff must set forth these facts in separate, numbered paragraphs, using short and plain statements. Plaintiff must write in plain English. There is no need to try to write like a lawyer might write, because that can make the complaint hard to understand.

ORDER

IT IS ORDERED that:

1) Plaintiff Henry Weston's complaint is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

5

2) Plaintiff may have until December 19, 2014 to submit a proposed amended complaint addressing the deficiencies in the complaint discussed above. If plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss the case for plaintiff's failure to state a claim upon which relief may be granted and assess plaintiff a strike under 28 U.S.C. § 1915(g).

Entered this 21st day of November, 2014.

        BY THE COURT:

        /s/

        _____
        JAMES D. PETERSON
        District Judge