IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HENRY WESTON,

          Plaintiff,

v.

WARDEN WILLIAM POLLARD;
DR. MANLOVE, MD;
BELINDA SCHRUBBE, HSM; and
D. LARSON, RN,

          Defendants.

OPINION & ORDER

14-cv-306-jdp

Pro se plaintiff Henry Weston is a prisoner in the custody of the Wisconsin Department of Corrections currently housed at the Waupun Correctional Institution. Plaintiff filed a complaint with this court alleging that the warden and certain medical staff were deliberately indifferent to his medical needs in violation of the Eighth Amendment. After considering plaintiff's allegations, I dismissed his complaint for failing to comply with Federal Rule of Civil Procedure 8, and I directed him to file an amended complaint describing "how each named defendant violated his rights." Dkt. 10, at 4.

Plaintiff has filed an amended complaint. Dkt. 15. I have reviewed plaintiff's amended allegations, and I will dismiss plaintiff's Eighth Amendment deliberate indifference claim for failing to comply with Federal Rule of Civil Procedure 8. I will allow plaintiff one final opportunity to file an amended complaint that states a claim for relief. I will also deny plaintiff's request for counsel at this time.

ALLEGATIONS OF FACT

In his amended complaint, plaintiff alleges that he first complained about back and leg pain in March 2012, to unidentified medical personnel. Plaintiff received treatment for a chronic left S1 joint sprain. In June 2014, an MRI revealed degenerative changes, and plaintiff received additional treatment. Plaintiff generally alleges that defendants' deliberate indifference, "hostile attitude," and "failed professional judgment" delayed plaintiff's treatment and caused him unnecessary pain. Dkt. 15, at 2. Plaintiff names six defendants in his amended complaint: the Department of Corrections, Lori Alsum, Belinda Schrubbe, James Muenchow, Charles Facktor, and Cindy O'Donnell.

Although plaintiff's amended complaint contains detailed factual allegations, it is difficult to follow at times. Plaintiff appears to focus on a complaint he lodged with prison personnel in August 2013 following his receipt of medical treatment; each of the named defendants reviewed plaintiff's complaint at some point. In August 2013, plaintiff sought medical attention for back and leg pain. Plaintiff received medical attention, and the nurse who treated him did not believe that he required any additional follow-up. In September, plaintiff requested an interview with defendant Belinda Schrubbe, health services manager, because he did not receive adequate medical treatment for his ongoing pain. Schrubbe indicated that she would schedule plaintiff for a follow-up. However, that same day, plaintiff filed an inmate complaint, the details of which are unexplained. Defendant James Muenchow recommended dismissing plaintiff's complaint. Muenchow acknowledged that plaintiff had received treatment in August 2013 for back pain, within days of requesting an appointment, and Muenchow explained that all inmates were responsible for paying $7.50 for each "face-to-face" medical appointment they requested and received.

Plaintiff goes on to allege that defendant Lori Alsum, Bureau of Health Services regional nursing coordinator, reviewed Muenchow's decision to dismiss plaintiff's complaint. Alsum dismissed plaintiff's complaint with one modification: health services would review the process for timely scheduling non-emergency healthcare requests. Plaintiff appealed the decision; defendant Charles Facktor also recommended dismissal with modification, as plaintiff "provided no new information on appeal to warrant recommending overturning that decision[.]" Dkt. 15, at 5. Plaintiff alleges that Facktor had the ability to get plaintiff the medical treatment that he needed but he chose to "rubber stamp" Muenchow's and Alsum's decisions. Finally, defendant Cindy O'Donnell, deputy secretary of the Wisconsin Department of Corrections, accepted Facktor's recommendation.

Plaintiff alleges that the defendants' "failure to act" caused plaintiff prolonged pain and suffering and denied him much-needed medical treatment.

ANALYSIS

As an initial matter, plaintiff does not allege any claims concerning defendants Pollard, Manlove, or Larson in his amended complaint, nor does he name these individuals in the caption. It appears that plaintiff has voluntarily abandoned any potential claims concerning these individuals, and I will dismiss them from this case.

Turning to the remaining defendants plaintiff identifies, as I discussed in my previous order, the Eighth Amendment prohibits prison officials from acting with deliberate indifference toward prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). For a defendant to be deliberately indifferent to a plaintiff's serious medical need, he or she must know of the need and disregard it. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

3

Despite the level of detail that plaintiff has included in his amended complaint, plaintiff does not say what each of the individual defendants knew about his medical condition or how they deliberately ignored that information to plaintiff's detriment. In fact, plaintiff's amended complaint indicates that he *did* receive treatment for his back and leg pain. Plaintiff sues the named defendants for their role in reviewing his inmate complaint concerning medical treatment; however, plaintiff's allegations do not say what his complaint said or, as a result, what the individual defendants knew when they chose to deny his complaint. Plaintiff has not shown me how his inmate complaint implicated a serious medical condition that the defendants then deliberately ignored. As a result, plaintiff has not pled facts sufficient to state an Eighth Amendment deliberate indifference claim against any of the individual defendants in their individual capacities under Rule 8. I will allow plaintiff one final opportunity to attempt to amend his complaint to state a claim upon which relief may be granted. Plaintiff should be sure to identify the nature of his inmate complaint and what each of the defendants knew at the time they denied it.

One final note: plaintiff named the Wisconsin Department of Corrections as a defendant in his amended complaint. But plaintiff cannot proceed against the DOC because it is not a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). I will therefore suggest that plaintiff not name the DOC as a defendant when he amends his complaint a second time. If he does, I will dismiss the DOC.

Finally, plaintiff has filed a motion for assistance recruiting counsel. Dkt. 16. Because this case has not progressed far enough for me to determine whether plaintiff will be capable of prosecuting it on his own, and because I do not believe that plaintiff requires additional assistance drafting an amended complaint as I have instructed, I will deny plaintiff's request

4

at this time. But I will do so without prejudice; plaintiff may renew his motion later in the case if his second amended complaint survives screening.

ORDER

IT IS ORDERED that:

1. Plaintiff Henry Weston's proposed amended complaint, Dkt. 15, is DISMISSED for failing to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until February 26, 2016, to submit a proposed amended complaint addressing the deficiencies discussed above. If plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss the case for plaintiff's failure to state a claim upon which relief may be granted and assess plaintiff a strike under 28 U.S.C. § 1915(g).

3. Plaintiff's motion for assistance recruiting counsel, Dkt. 16, is DENIED.

Entered February 5, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge