IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HENRY WESTON,

                              Plaintiff,

      v.                                                         OPINION & ORDER

BELINDA SCHRUBBE,                            14-cv-306-jdp

                              Defendant.

---

Pro se plaintiff and prisoner Henry Weston is proceeding on a claim that defendant Belinda Schrubbe violated his Eighth Amendment rights by disregarding his request for medical treatment for his back and leg pain, which was later diagnosed as sciatica. In particular, Weston alleges that he wrote to Schrubbe (the manager of the health services unit at the prisoner where Weston was housed), telling her that he was not receiving adequate treatment for "serious chronic distressful pains" in his lower back and legs, Dkt. 79, ¶ 35, but she failed to schedule a medical appointment for him despite saying that she would do so.

I denied Schrubbe's motion for summary judgment on this claim because the only ground she raised was that she was not "personally responsible" for scheduling an appointment. Dkt. 84, at 14–15. Even if true, that was not dispositive because Schrubbe admitted that she could have forwarded Weston's request to whoever *was* responsible and a reasonable jury could find that she failed to do so.

But I raised a different question, which is whether Weston suffered any harm because of Schrubbe. Dkt. 107. "In cases where prison officials delayed rather than denied medical assistance to an inmate, courts have required the plaintiff to offer verifying medical evidence

that the delay (rather than the inmate's underlying condition) caused some degree of harm." *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013) (internal quotations omitted).

It was not clear from the evidence submitted at summary judgment what Weston believed his injury to be. Medical staff at the prison treated his back and leg pain many times both before and after he requested treatment from Schrubbe and he did not point to any additional harm he suffered as a result of failing to receive a medical appointment at the time. He didn't seek a new appointment when he never heard back from Schrubbe, suggesting that he didn't believe he needed one. And he alleged that the treatment he received later wasn't helpful, suggesting that scheduling an earlier appointment wouldn't have made a difference. In light of the questions I had about whether Weston suffered any harm from Schrubbe's alleged inaction, I gave him an opportunity to come forward with additional evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence").

In his response, Weston still doesn't explain why he didn't submit a health service request after Schrubbe failed to make an appointment for him and he doesn't explain how he was harmed by Schrubbe's inaction. Instead, he takes issue generally with the overall course of treatment he has received for his pain and he alleges that he is still in pain today. Dkt. 109.

Weston fails to appreciate the limited scope of his remaining claim. I dismissed Weston's claims against the physicians treating him because Weston failed to adduce evidence showing that they failed to use appropriate medical judgment. *King v. Kramer*, 680 F.3d 1013, 1018–19 (7th Cir. 2012) (holding that a health care provider violates the Eighth Amendment when her treatment decisions are "blatantly inappropriate" or represent "such a substantial

2

departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on [medical] judgment") (internal quotations omitted). Although they apparently were unable to eliminate Weston's pain, they provided various forms of medical treatment, including x-rays, an MRI, physical therapy, and pain medication. Weston also received a TENS unit and was referred to a specialist, who gave Weston steroid injections and again recommended physical therapy. Even now, Weston does not explain why he believed any of that treatment was inappropriate. He says that he did not receive an ambulatory aid, but he does not allege either that he asked Schrubbe for one or that it was part of her responsibility to provide one.

In any event, Weston has not adduced any evidence that Schrubbe's failure to schedule another medical appointment for him in September 2013 caused him any harm. Accordingly, I will grant summary judgment to Schrubbe and close the case.

ORDER

IT IS ORDERED that summary judgment is GRANTED to defendant Belinda Schrubbe. Schrubbe's motion in limine, Dkt. 88, is DENIED as moot. The clerk of court is directed to enter judgment and close this case.

Entered March 28, 2018.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge